IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRIE L. JOHNSON                     :

   v.                                 : Civil Action No. DKC 17-2347

STATE FARM MUTUAL INSURANCE           :
COMPANY and BRITTANY LYNN EDGAR       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for attorney's fees filed by Plaintiff Carrie Johnson ("Plaintiff") (ECF No. 16). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

On June 9, 2017, Plaintiff commenced a personal injury action against Defendants State Farm Mutual Insurance Company and Brittney Edgar in the Circuit Court for Charles County, Maryland. (ECF No. 12 ¶ 2). Defendant Edgar was served with the summons and complaint on or about July 31. (ECF No. 1 ¶ 7). On August 15, Defendant Edgar removed this action from the Circuit Court for Charles County, asserting that diversity of citizenship confers jurisdiction on this court. (ECF No. 1). On August 16, the court issued an order directing the parties to show cause why the case should not be remanded as it did not

appear that removal by a Maryland citizen was proper, under what is called the forum defendant rule.[1]  (ECF No. 11).  Plaintiff filed a response to the court's show cause order, noting that federal court jurisdiction was improper and requesting the matter be remanded.  (ECF No. 13).  Plaintiff also separately filed a motion to remand.  (ECF No. 12).  Defendant Edgar also filed a response to the court's show cause order consenting to the remand of this action to the Circuit Court for Charles County.  (ECF No. 14).  Accordingly, on August 30, the court issued an order granting Plaintiff's unopposed motion to remand and remanding the case to the Circuit Court for Charles County.  (ECF No. 15).  That same day, Plaintiff filed the pending motion for attorney's fees.  (ECF No. 16).  Defendant Edgar filed a response in opposition on September 6.  (ECF No. 18).

**II. Analysis**

A court may award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S.

---

[1] 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2

132, 141 (2005). Removal based on diversity jurisdiction is normally proper when there is complete diversity between the parties. The forum defendant rule, which precludes removal by a defendant that is a citizen of the forum state, is a waivable procedural defect. *Medish v. Johns Hopkins Health Sys. Corp.*, No. JKB-17-1448, 2017 WL 4167399, at *3 (D.Md. Sept. 20, 2017). In this case, Plaintiff chose not to waive and thus filed a motion to remand. Although the court finds that removal was improper, both parties agreed in response to the court's show cause order that the case should be remanded to state court, and without significant delay the case was remanded to state court on August 30, only 15 days after the case was removed. In light of these circumstances, it does not appear that Defendant Edgar removed the case "for the purpose of prolonging litigation and imposing costs on the opposing party," as Defendant Edgar had only been served with the summons and complaint on July 31. *See Martin*, 546 U.S. at 140 ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."). Accordingly, Plaintiff's request for attorney's fees will be denied.

**III. Conclusion**

For the foregoing reasons, the motion for attorney fees filed by Plaintiff will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
